Nos. 04-00-00639-CR & 04-00-00640-CR



Jose Lopez VILLARREAL,


Appellant


v.


STATE of Texas,

Appellee


From the 23rd Judicial District Court, Brazoria County, Texas

Trial Court Nos. 36,557 & 36,556

Honorable K. Randall Hufstetler, Judge Presiding


Opinion by: Paul W. Green, Justice


Sitting: Phil Hardberger, Chief Justice

 Catherine Stone, Justice

 Paul W. Green, Justice


Delivered and Filed: November 7, 2001


AFFIRMED


 Jose Lopez Villarreal was convicted on two counts of aggravated sexual assault of a
child. He appeals, claiming the evidence is factually insufficient to support the verdicts of
guilt. We affirm the convictions. 

Background


 Villarreal's granddaughter, Regina, who was thirteen years of age at the time of trial,
reported to police detectives that when her parents left for the morning paper route, Villarreal
would come into her room and molest her. Regina told police the molestation had occurred
repeatedly since the time she was seven or eight years old. The State indicted Villarreal for
two counts of aggravated sexual assault of a child. The jury found him guilty and sentenced
him to forty years imprisonment for each offense. Villarreal appeals, claiming the evidence
is factually insufficient to support the convictions. 

Standard of Review

 In factual sufficiency challenges, we "view all the evidence without the prism of 'in
the light most favorable to the prosecution,' [i.e., in a neutral light,] and set aside the verdict
only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong
and unjust." Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); accord Johnson
v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). Evidence is factually insufficient when:
(1) the proof of guilt is so obviously weak as to undermine confidence in the jury's
determination; or (2) the proof of guilt, although adequate if taken alone, is greatly
outweighed by contrary proof. Johnson, 23 S.W.3d at 11.

Evidence of Guilt

 Villarreal raises a factual sufficiency challenge, focusing on the following evidence:
(1) Regina's father had been convicted of molesting Regina during the same time frame
Villarreal stood accused; (2) the testimony of Regina, her brother, and her mother conflicted
with the statements each had given to police; and (3) Villarreal, along with two other
witnesses, testified he had been impotent since 1981. At trial, Regina testified Villarreal
would stick his "middle part" into her "middle part." Regina also testified Villarreal would
lick her "middle part." Regina's brother, Lorenzo, recalled an incident where he heard
Regina calling for help, and when he entered the room, he saw Regina lying on the bed with
her shirt pulled up and her pants pulled down. Villarreal had his pants down, and Lorenzo
saw Villarreal put his finger and penis into Regina's "middle part" before Villarreal made
him leave the room. A professional counselor testified Regina discussed how Villarreal had
shown her pornography, penetrated her digitally and with his penis, and performed oral sex
on her. Regina's medical exam confirmed she had been sexually abused.

 Villarreal also testified at trial, denying Regina's allegations. He, along with his wife
and another woman companion, testified he was impotent. Further, Villarreal introduced
evidence that Regina's father had been molesting Regina during the same time frame he
stood accused of molesting Regina. Villarreal claims the conflicting nature of Regina's, her
brother's, and her mother's testimony renders the evidence factually insufficient to
demonstrate he, rather than Regina's father, was the individual molesting Regina.

 When testimony regarding the offense is conflicting, we remember: 

[a] factual sufficiency analysis can consider only those few
matters bearing on credibility that can be fully determined from
a cold appellate record. . . . Unless the available record clearly
reveals a different result is appropriate, an appellate court must
defer to the jury's determination concerning what weight to give
contradictory testimonial evidence because resolution often
turns on an evaluation of credibility and demeanor, and those
jurors were in attendance when the testimony was delivered.


Johnson, 23 S.W.3d at 8 (citations omitted). In this case, the jury heard the conflicting
testimony and found Villarreal guilty. Because the contrary proof does not "greatly
outweigh" the proof of guilt, we hold the evidence factually sufficient to support the
convictions and overrule Villarreal's point of error. Johnson, 23 S.W.3d at 8. 

Conclusion Overruling Villarreal's sole issue, we affirm the conviction.


 PAUL W. GREEN

 JUSTICE


DO NOT PUBLISH